UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

EDWIN GONZALEZ SAMPAYO, et al,
  Plaintiffs,

v.                                                   Civil No. 97-1784 (HL)

JOSE FUENTES-AGOSTINI., et al,
  Defendants.

**OPINION AND ORDER**

Before the Court is a motion to dismiss filed by José Fuentes-Agostini and Aníbal Torres in this action for damages and injunctive relief pursuant to section 1983.[1] Fuentes-Agostini is the former Puerto Rico Secretary of Justice, and Torres is the director of the Puerto Rico Department of Justice's Special Investigations Bureau ("SIB"). Plaintiffs are Edwin González Sampayo ("González") and Eric Muñoz Candanedo ("Muñoz"). They were both members of the SIB during the time of the events which give rise to this claim. The predecessors of Fuentes-Agostini and Torres, as well as other SIB officials, are also defendants in this action. Plaintiffs claim violations of their First Amendment rights.

Plaintiffs allege the following in their amended complaint: in late 1993 and early 1994, Plaintiffs were part of a group of SIB members investigating a Puerto Rico senator's connections with organized crime, drug trafficking, and money laundering; the investigation was ultimately terminated and no charges were brought against the senator; in November 1994, after the investigation was closed, articles began to appear in Puerto

---

[1] 42 U.S.C.A. § 1983 (West Supp. 1999).




Civil No. 97-1784 (HL)                                    2

Rico's newspapers regarding the senator's alleged involvement with drug traffickers; Plaintiffs' supervisors suspected them of leaking these stories to the press; and shortly thereafter, Plaintiffs' supervisors began to harass and discriminate against Plaintiffs. They claim that as part of this retaliation they were denied promotions, assigned duties outside their areas of expertise, and were themselves made the subject of criminal investigations. Plaintiffs further allege that Muñoz was denied adequate protection when his life was threatened as a result of another one of his investigations; that the treatment to which he was subject was so severe that he had to resign; and that this constituted a constructive discharge.

Plaintiffs' specific allegations as to Fuentes-Agostini are that he failed to pay Muñoz the accumulated leave, vacation and overtime pay to which he is entitled; that he failed to provide Muñoz with the documents relevant to these accumulated benefits; and that even though he knew or should have known about the harassment committed by the other defendants, he did nothing to stop it. They also allege that Fuentes-Agostini disregarded a consent decree which the previous Secretary of Justice had entered into in another case. Pursuant to that consent decree, the Secretary of Justice agreed not to enforce against the media a Puerto Rico law prohibiting the dissemination of certain information from SIB records or investigations. The decree also stated that the law would continue to be enforced against any SIB agent who deliberately disseminated confidential information on ongoing criminal investigations, but the law would not be invoked to

AO 72A
(Rev.8/82)

Civil No. 97-1784 (HL)                               3

sanction any person who disclosed information on an SIB policy or practice which that person reasonably believed to be a violation of any law.[2] Plaintiffs do not name Torres as a defendant in the amended complaint.

Defendants argue in the motion to dismiss that the amended complaint fails to state a claim against Fuentes-Agostini, that he is entitled to qualified immunity, and that he is protected by the Eleventh Amendment. For the reasons set forth below, the Court denies the motion to dismiss.

## DISCUSSION

In ruling on a Rule 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993); *Carparts Distribution Ctr., Inc. v. Automotive Wholesaler's Ass'n*, 37 F.3d 12, 14 (1st Cir. 1994). A court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him to recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir. 1991). This deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996). The court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the

---

[2] Civil no. 95-1312 (HL), docket no. 28.

Civil No. 97-1784 (HL)                    4

like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

In the past, the First Circuit had required that section 1983 claims meet a heightened level of specificity to survive a Rule 12(b)(6) motion. *See, e.g., The Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989). The Supreme Court in *Leatherman*, however, rejected a heightened pleading standard for section 1983 claims, at least for claims against municipalities. *See* 507 U.S. at 167-69, 113 S.Ct. at 1163. In the wake of *Leatherman*, it was unclear whether the stricter standard of *Dartmouth Review* was still applicable to any section 1983 claims.

The First Circuit recently clarified that the heightened pleading standard of *Dartmouth Review* is still viable, at least in section 1983 cases where an improper motive by the state actor was an essential element of the plaintiff's claim. *See Judge v. City of Lowell*, 160 F.3d 67, 74-75 (1st Cir. 1998). Such cases would include claims of race and gender discrimination under the Equal Protection Clause; cruel and unusual punishment under the Eighth Amendment; adverse employment actions based on political affiliation under the First Amendment; and retaliation for exercising free speech or some other constitutional right. *See Crawford-El v. Britton*, 523 U.S. 574, 585, 118 S.Ct. 1584, 1590, 140 L.Ed.2d 759 (1998). In the present case, Plaintiffs claim that they were subjected to retaliation and harassment because they were suspected to be the source of leaks to the press. The defendants' motive for this alleged conduct is an essential element of the cause of action. Thus, the Court reviews the amended complaint under the heightened pleading

Civil No. 97-1784 (HL)                                5

standard. Under such a standard, a plaintiff may not conclusorily plead his case. Rather, he must provide specific, nonconclusory allegations which give rise to a reasonable inference of an illegal motive. *Judge*, 160 F.3d at 75.

At the outset, the Court notes that the motion to dismiss was filed by Fuentes-Agostini and Torres. Plaintiffs have not named Torres as a defendant in the amended complaint. In their opposition to the motion to dismiss, they agree to his being dismissed from the case.[3] Therefore, partial judgment shall be entered dismissing him from the case.

Plaintiffs make specific allegations of conduct by Fuentes-Agostini in only two paragraphs of the amended complaint.[4] They allege that he prevented Muñoz from being compensated for his accumulated leave, vacation and overtime pay; that he disregarded the terms of a consent decree into which the previous Secretary of Justice had entered; and that he did nothing to stop the harassment by the other defendants. In a claim brought pursuant to section 1983, the defendant's conduct must have deprived plaintiff of his rights under the Constitution or laws of the United States. *Martínez v. Colón*, 54 F.3d 980, 984 (1st Cir. 1995); *Voutour v. Vitale*, 761 F.2d 812, 819 (1st Cir. 1985). There must have been a deprivation of a federally protected right and the defendant's conduct must have caused the deprivation. *Gutiérrez-Rodríguez v. Cartagena*, 882 F.2d 553, 559 (1st Cir. 1989); *Voutour*, 761 F.2d at 819; *Soto v. Carrasquillo*, 878 F.Supp. 324, 327 (D.P.R. 1995), *aff'd*

---

[3] Docket no. 56, at 1.

[4] Docket no. 44, ¶¶ 32 & 52.

Civil No. 97-1784 (HL)                                6

*sub nom. Soto v. Flores*, 103 F.3d 1056, 1062 (1st Cir. 1997).

With regard to the claims regarding Muñoz' accumulated leave, vacation, and overtime pay, Plaintiffs fail to meet the heightened standard which the Court applies to this case. Plaintiffs label this conduct by Fuentes-Agostini "discriminatory treatment," but their amended complaint contains no specific, nonconclusory allegations sufficient to support a reasonable inference that Fuentes-Agostini had an illegal motivation for denying Muñoz these benefits. In fact, the paragraph containing these allegations does not specify at all what Fuentes-Agostini's motivation was for this alleged conduct. Thus, this paragraph does not state a claim against Fuentes-Agostini for which relief could be granted.

Plaintiffs also allege that Fuentes-Agostini disregarded a consent decree. The problem with this argument is that a consent decree may not serve as a basis for a cause of action under section 1983. *See Martel v. Fridovich*, 14 F.3d 1, 3 n.4 (1st Cir. 1993); *see also Klein v. Zavaras*, 80 F.3d 432, 435 (10th Cir. 1996); *DeGidio v. Pung*, 920 F.2d 525, 534 (8th Cir. 1990); *Green v. McKaskle*, 788 F.2d 1116, 1122-23 (5th Cir. 1986); *Batista v. Rodriguez*, 702 F.2d 393, 398-99 (2nd Cir. 1983); *Harrelson v. Elmore County, Ala.*, 859 F.Supp. 1465, 1470 (M.D.Ala. 1994); *Losee v. Nix*, 842 F.Supp. 1178, 1182 n.3 (S.D.Iowa 1994). Thus, to the extent that Fuentes-Agostini may have failed to comply with the terms of the consent decree, such conduct, by itself, is insufficient to support Plaintiffs' section 1983 claim against him.

AO 72A
(Rev.8/82)

Plaintiffs' remaining claim against Fuentes-Agostini is that he knew of the harassment being carried out by the other defendants but did nothing to stop it. A supervisor's tacit approval or purposeful disregard of an underling's rights-violating conduct may be sufficient to establish supervisory liability. *Camilo-Robles v. Hoyos*, 151 F.3d 1, 7 (1st Cir. 1998). It is a close call as to whether this sparsely-plead allegation is sufficiently specific to state a claim against Fuentes-Agostini. This allegation would certainly benefit from more factual development. However, the gist of the claim is clear: Fuentes-Agostini knew that Plaintiffs were being harassed, but did nothing to stop it, presumably in retaliation for their suspected leaks to the press. This is sufficient to state a claim. At this stage of the proceedings, a requirement that Plaintiffs be more specific would serve little, except to further delay the ultimate resolution of this case. Any further challenge to this claim is better left for the summary judgment stage.

Fuentes-Agostini also argues that he is protected from a suit for monetary damages by the Eleventh Amendment and that he is entitled to qualified immunity. Plaintiffs are suing Fuentes-Agostini in both his individual and official capacity. A state officer sued for money damages in his individual capacity is subject to liability under section 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69, 117 S.Ct. 1055, 1070 n.24, 137 L.Ed.2d 170 (1997). Because Fuentes-Agostini is being sued in his individual capacity, he is not protected by the Eleventh Amendment from Plaintiffs' claim for money damages.

With regard to the qualified immunity issue, it has long been clearly established that

government action taken in retaliation for an individual's exercise of his First Amendment rights is a constitutional violation. *See Crawford-El*, 523 U.S. at 592-93, 118 S.Ct. at 1594; *Ferranti v. Moran*, 618 F.2d 888, 892 n.4 (1st Cir. 1980); *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979). It was also clearly established that a supervisor's disregard of an underling's unconstitutional conduct could subject the supervisor to liability. *See Camilo-Robles*, 151 F.3d at 7; *Figueroa v. Aponte-Roque*, 864 F.2d 947, 953 (1st Cir. 1989). Accordingly, the Court denies the request for qualified immunity.

WHEREFORE, the Court denies Fuentes-Agostini's motion to dismiss (docket no. 47). He shall file an answer by **May 22, 2000**. Partial judgment shall be entered dismissing the claims against Aníbal Torres.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 25, 2000.

HECTOR M. LAFFITTE
Chief U.S. District Judge