IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDWIN GONZALEZ SAMPAYO, et al

    **Plaintiff(s)**

    v.                                    CIVIL NO.   97-1784 (JAG)

JOSE FUENTES AGOSTINI, et al

    **Defendant(s)**

### ORDER

The Court has reviewed defendants's "Urgent Motion" requesting a continuance of the Pre-Trial Conference and Trial dates, and all related motions. On July 20, 2001, defendants filed a summary judgment motion (Docket 113). On August 1, 2001, plaintiff opposed the motion, contending that the motions had been filed notwithstanding the Court's denial of defendants's request at the June 14, 2001 conference. (Docket 120).

Defendants have had ample time to file a summary judgment motion. The discovery deadline expired on November 29, 2000. In spite of this, the defendants's *request* to file a summary judgment motion came on *June 14, 2001*. In the original scheduling order signed by Chief Judge Laffitte, the parties had *10 days* following the discovery deadline to file dispositive motions. (Docket 72). Here, more than six months passed without a motion from defendants. In light of this inordinate delay, the Court denied their request to file a summary judgment motion at this late stage. It did not qualify the denial, as defendants now contend.

Moreover, on the June 14, 2001 conference, counsel for defendants recognized that they were precluded from filing a summary judgment motion at this stage for procedural reasons. Defendants's

contention that the Court would not entertain a motion for summary judgment "unless there were no contested issues of material facts" is factually incorrect. The June 14, 2001 conference minutes simply states that defendant's counsel requested permission to file a summary judgment motion, and that the Court denied the request. (Docket 107). If defendants believed that order to be incomplete, they should have moved to amend it.

In sum, the Court denied the defendants's June 14 request to file a summary judgment motion. In plain disregard of the Court's order, the defendants filed a summary judgment motion anyway. The Court orders that the defendants's motion for summary judgment **shall** be stricken from the record, without prejudice to raising the arguments contained in the motion at the Pre-Trial Conference.

The Court did state that it would entertain potentially dispositive matters at the Pre-Trial Conference. The Pre-Trial and Settlement Conference is rescheduled until **August 15, 2001** at **3:30 pm**. The parties shall have until **August 13, 2001** to submit a Pre-Trial Memorandum. If a settlement is feasible, the parties are to have their principals available. Any potentially dispositive arguments (and responses, where appropriate), along with the proper documentation in support, shall be contained in that memorandum. The trial will remain scheduled for **August 20, 2001** at **9:30 a.m.**

This Order disposes of Dockets Nos. 112, 113, 114, 116, 117, 118, 120, and 121.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of August, 2001.

JAY A. GARCIA-GREGORY
U.S. District Judge

2